IN THE COURT OF APPEALS OF TENNESSEE
AT MEMPHIS
April 17, 2012 Session

## CAROL PETSCHONEK v. THE CATHOLIC DIOCESE OF MEMPHIS, ET AL.

Appeal from the Circuit Court for Shelby County
No. CT-002485-07      Donna Fields, Judge

No. W2011-02216-COA-R9-CV - Filed May 23, 2012

## SEPARATE CONCURRENCE

JUDGE HOLLY M. KIRBY, concurring separately:

I concur with the majority opinion in this case, and submit this separate concurrence only to make an additional point.

In Tennessee, the tort of retaliatory discharge is frequently described as an exception to the employment-at-will doctrine, and the existence of an employment-at-will relationship is cited as an element of the tort that must be established by the claimant. *See Webb v. Nashville Area Habitat for Humanity, Inc.,* 346 S.W.3d 422, 437-38 (Tenn. 2011); *Franklin v. Swift Transp. Co.,* 210 S.W.3d 521, 530 (Tenn. Ct. App. 2006). The tort is recognized to restrict an employer's right to discharge an employee in contravention of an established public policy or when the employee is exercising a statutory or constitutional right, in order to "encourage employers to refrain from conduct that is injurious to the public interest." *Guy v Mut. of Omaha Ins. Co.,* 79 S.W.3d 528, 535 (Tenn. 2002); *Crews v. Buckman Labs. Int'l,* 78 S.W.3d 852, 858 (Tenn. 2002). Courts reason that "an employee should not be placed in the moral, ethical and legal dilemma of being forced to choose between reporting or participating in illegal activities and keeping his job." *Franklin,* 210 S.W.3d at 530.

Some courts have held that the tort of retaliatory discharge may be asserted by an employee with an employment contract who is discharged prior to the end of the contractual term of employment, reasoning that the policy reasons behind recognizing the tort for employees-at-will apply with equal force to employees who have an employment agreement. Other courts have declined to do so, finding that termination provisions in the employee's employment agreement are the employee's remedy in the event of discharge prior to the end of the term

of employment. ***See, e.g., Byrd v VOCA Corp. of Washington, D.C.,*** 962 A.2d 927, 933 (D.C. 2008) ("Some courts have held that a claim for wrongful discharge in violation of public policy is available to non-at-will employees, while other have held the contrary.") (gathering cases).

The parties have cited no case in which a Tennessee court has directly addressed the issue of whether the tort of retaliatory discharge may be asserted by a contract employee who is discharged prior to the end of the contract term, and the majority in this case does not directly address the issue. Holding that the tort of retaliatory discharge may be asserted by an employee with an employment contract would be an extension of current Tennessee law. I agree with the majority's decision not to consider such an extension of the law in this appeal, and write separately only to acknowledge the issue.

_____
HOLLY M. KIRBY, JUDGE